**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DESERT OUTDOOR ADVERTISING,
INC., a California corporation,
            *Plaintiff-Appellant,*

v.

CITY OF OAKLAND,
            *Defendant-Appellee.*

No. 09-15530

D.C. No.
3:03-cv-01078-SI

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 10, 2010*
San Francisco, California

Filed March 18, 2010
Amended April 20, 2010

Before: Cynthia Holcomb Hall, John T. Noonan and
Sidney R. Thomas, Circuit Judges.

Per Curiam Opinion

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Alan R. Herson, Jacksonville, Oregon, for the plaintiff-appellant.

John A. Russo, Oakland, California, for the defendant-appellee.

## ORDER

The opinion filed on March 18, 2010 is amended as follows:

At slip op. page 4425, the final paragraph is replaced with <The district court's order denying Desert's request for further relief is AFFIRMED.>

With this amendment, the panel unanimously voted to deny the petition for rehearing. Judge Thomas has voted to deny the petition for rehearing en banc, and Judges Hall and Noonan so recommend. The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No subsequent petitions for rehearing and rehearing en banc may be filed.

## OPINION

PER CURIAM:

In 2002, Desert Outdoor began displaying a large advertising billboard, visible from the freeway, on East 9th Street in Oakland. Desert received a letter from the City of Oakland demanding that the structure be removed or that a variance be sought because the sign was prohibited by Oakland's local ordinances. Desert applied for a variance and was denied.

Desert then filed suit in the U.S. District Court for the Northern District of California contending that the Oakland sign ordinances violated the First Amendment of the U.S. Constitution. Both Desert and Oakland moved for summary judgment. Judge Martin Jenkins granted each motion in part and denied each in part. *Desert Outdoor Adver., Inc. v. City of Oakland*, 2004 WL 3128029 (N.D. Cal. Apr. 21, 2004).

Judge Jenkins wrote: "Oakland's sign regulations are found in two separate enactments, the Oakland Planning Code ("OPC") and the Oakland Municipal Code ("OMC")." *Id*. at *1. The OPC, he said, banned the construction of any new "advertising sign" in Oakland without a variance. *Id*. The OPC also provided for certain regulations pertaining to the size, placement, and number of signs, again with the possibility of a variance. *Id*. at *2. The OMC, Judge Jenkins explained, "works in conjunction with the OPC to regulate signs in Oakland." *Id*. The OMC "contains an absolute ban on advertising signs visible from a freeway." *Id*.

Judge Jenkins struck down a portion of the OMC allowing for signs showing only time and temperature, but found that

portion of the ordinance severable. *Id.* at \*9-10. He also struck down provisions of the OPC allowing for conditional use permits and for a design review process and found that those provisions were not severable. *Id.* at \*12-14. He was not explicit as to whether the offending portions of the OPC were not severable from the OPC alone, or from the entire sign-regulation scheme. Desert appealed Judge Jenkins' Order to the Ninth Circuit, and we affirmed. *Desert Outdoor Adver., Inc. v. City of Oakland*, 506 F.3d 798 (9th Cir. 2007).

Oakland filed an action in Alameda County Superior Court and was granted the right to remove the East 9th Street sign as a nuisance per se under its sign ordinances. In response to Oakland's attempts to enforce its state court judgment, Desert filed an emergency motion in federal district court requesting an order clarifying the court's declaratory judgment. Desert sought a declaration that the state judgment impermissibly enforced a regulatory scheme declared unconstitutional by Judge Jenkins. By this time, Judge Jenkins had retired from federal service, and the case was assigned to Judge Susan Illston. Judge Illston denied Desert's motion and found that the state court's order did not contravene Judge Jenkins' judgment. Desert appeals.

[1] Judge Jenkins' order cannot reasonably be understood to have struck down the entire scheme of sign-regulation. Judge Jenkins was clear that he was treating the OMC and OPC as two separate enactments. He struck down specific sections of the OMC but found them severable. While he found portions of the OPC unconstitutional and not severable, that part of his order cannot be read to have affected the OMC.

[2] It is the OMC and not the OPC which Oakland is attempting to enforce in state court. In the state court proceedings, Oakland pointed specifically to OMC § 1501, which it contended rendered the East 9th Street sign a nuisance per se. Desert is wrong when it contends that merely having a condi-

tional use permit under the OPC would allow the display of a sign otherwise banned under the flat prohibition of the OMC.

**[3]** Judge Jenkins' judgment did not strike down the OMC in its entirety. Oakland is entitled to enforce that ordinance against Desert.

The district court's order denying Desert's request for further relief is AFFIRMED.